MELINDA HAAG (CSBN 132612)
United States Attorney

ALEX G. TSE (CSBN 152348)
Chief, Civil Division

MARK R. CONRAD (CSBN 255667)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7025
FAX: (415) 436-6748
mark.conrad@usdoj.gov

Attorneys for Defendants

**FILED**
2013 MAR 29  A 9: 22
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE LETTERS ROGATORY FROM THE NATIONAL FIRST INSTANCE COURT IN CIVIL MATTERS NUMBER 58 OF BUENOS AIRES, ARGENTINA | No. _____  **APPLICATION FOR APPOINTMENT OF COMMISSIONER PURSUANT TO 28 U.S.C. § 1782** |

CV13 80 062MISC    SI

APPLICATION FOR APPOINTMENT
Case No. _____

## APPLICATION FOR APPOINTMENT PURSUANT TO 28 U.S.C. § 1782

Pursuant to 28 U.S.C. § 1782, the United States Attorney's Office hereby requests that the Court appoint undersigned counsel, Assistant United States Attorney Mark R. Conrad, to obtain records and/or testimony from Bell Ollan in connection with a request for international judicial assistance from the National First Instance Court in Civil Matters No. 58 of Buenos Aires, Argentina.

*****

United States District Courts are empowered to subpoena witnesses and compel the production of documents or testimony "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). Federal law provides that a district court may order the production of such evidence or testimony upon a request made by a foreign tribunal in the form of "letters rogatory." Id. Further, the district court may appoint an individual to "administer any necessary oath" and "take the testimony or statement" that is sought by the foreign court. Id.

The Ninth Circuit has made clear that the decision whether to issue orders to obtain evidence or testimony in response to the letters rogatory of foreign courts is committed to the discretion of the district court. In re Request for Judicial Assistance from the Seoul District Criminal Court, 555 F.2d 720, 724 (9th Cir. 1977). Yet the Ninth Circuit has simultaneously emphasized that the district court enjoys wide latitude to obtain the requested discovery and that the federal statute at issue places only minimal requirements on the foreign tribunal's request. Id. at 723 ("Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such tribunal . . . [and that] the investigation in connection with which the request is made must relate to a judicial or quasi judicial controversy."); see also In re Letter of Request from the Crown Prosecution Services of the United Kingdom, 870 F.2d 686, 687 (D.C. Cir. 1989) 723 ("The judicial proceedings for which assistance is sought . . . need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made.").

APPLICATION FOR APPOINTMENT
Case No. _____                    -1-

Moreover, the legislative history of 28 U.S.C. section 1782(a) shows that Congress intended for the United States to set an example for other countries in rendering international judicial assistance. The Senate Report indicates that Congress perceived the enactment of Section 1782(a) as "a major step in bringing the United States to the forefront of nations adjusting their procedures to those of sister nations and thereby providing equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation with international aspects." S.Rep. No. 1580, 88th Cong., 2d Sess., reprinted in 1964 U.S. Code Cong. & Adm. News 3782, 3783. Congress's expectation was that United States courts would take the initiative to lend their assistance to foreign tribunals, and Congress's desire was that "the initiative taken by the United States in improving its procedures will invite foreign countries similarly to adjust their procedures." Id. "By providing broad assistance to foreign nations and tribunals via § 1782, the United States encourages foreign nations and tribunals to do the same, which benefits the United States government." In re Premises Located at 840 140th Ave. NE, Bellevue, Washington, 634 F.3d 557, 563 (9th Cir. 2011)

In this case, letters rogatory were issued by the National First Instance Court in Civil Matters No. 58 of Buenos Aires, Argentina, in connection with a civil lawsuit captioned In re Weiner, Laurence Paul v. Negri & Teijeiro Abogados Sociedad Civil, which pertains to a collection dispute. Conrad Decl. ¶¶ 2-3 & Exs. A & B. The letter conveys the Argentinian Court's request that certain documents and/or testimony be obtained with respect to the payment of fees for legal services to "Bell Ollan." Conrad Decl. Ex. B at 2.

The Argentinian Court has requested that a United States court with appropriate jurisdiction to obtain records and/or testimony determine whether, between April 2010 and October 2010, "Bell Ollan . . . requested, required or hired professional legal services or received professional legal services from WSC Legal or WSC Wiener-Soto-Caparros or 'wsclegal.com' or 'wsclegal.com.ar.'" Conrad Decl. Ex. B at 1.

The Austrian court's request was referred to the Department of Justice, which in turn requested that the United States Attorney's Office for the Northern District of California obtain Bell Ollan's records and/or testimony. Conrad Decl. ¶ 4. Attempts by the United States

Attorney's Office to obtain Bell Ollan's documents and/or testimony voluntarily were unsuccessful. Conrad Decl. ¶ 5 & Ex. C.

The Argentinian court's request in this case is well within those circumstances covered by 28 U.S.C. section 1782(a) and contemplated by Congress when it expanded the federal courts' authority to obtain evidence in connection with foreign judicial matters. In re Letters Rogatory from the Toyko District, Toyko, Japan, 539 F.2d 1216, 1219 (9th Cir. 1976); see also In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 689-91 (D.C. Cir. 1989). The United States therefore respectfully requests that the Court honor the Argentinian Court's letters rogatory and moves this Court for an order appointing undersigned counsel, Assistant United States Attorney Mark R. Conrad, as a Commissioner to execute the request for assistance.[1]

DATED: March 29, 2013                    Respectfully submitted,

                                         MELINDA L. HAAG
                                         United States Attorney

                                    By:  /s/ Mark R. Conrad
                                         MARK R. CONRAD
                                         Assistant United States Attorney

---

[1] Although letters rogatory are "customarily received and appropriate action taken with respect thereto ex parte," In Re Letters Rogatory from the Toyko District, 539 F.2d at 1219, in this case the United States Attorney's Office as a courtesy has taken the additional step of mailing the instant application and supporting papers to Mr. Billa via certified mail. Conrad Decl. ¶ 7; see also In Re Letters Rogatory from the Toyko District, 539 F.2d at 1219 (noting that witnesses from whom testimony is sought may raise objections and exercise their due process rights "by motions to quash the subpoenas.")